IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MARKUIS DEMETRIUS CURTIS,            :
                                     :
            Plaintiff,               :
                                     :
      VS.                            :
                                     :        7: 10-CV-54 (HL)
Detail Officer JOEY MATHEWS, *et al.*, :
                                     :
            Defendants.              :
                                     :
_____

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are a Motion for Summary Judgment filed on behalf of Defendant Mukul Khurana, M.D., and Defendant Khurana's Motion for Oral Hearing on the summary judgment motion.  (Docs. 19, 23).  The Court notified the Plaintiff of the filing of Defendant Khurana's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the Court's order.  (Doc.  20).

Plaintiff filed this action in June 2010, raising allegations of deliberate indifference to his serious medical needs.  (Doc. 1).  Specifically, Plaintiff alleges that he was injured while riding in the back of a prison detail truck on June 14, 2010 and was thereafter denied medical treatment for some period of time.  (Docs. 1, 5).

### *Motion for Oral Hearing*

Upon thorough review of Defendant Khurana's Motion for Oral Hearing, this motion is **DENIED**.  (Doc. 23).  Local Rule 7.5 provides that "[a]ll motions shall be decided by the court without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel."  Based on the facts that the Court generally decides motions without a hearing, that the Plaintiff is currently incarcerated and therefore not free to travel to court appearances without the involvement of Court resources, and that briefs have already been filed

in support of and in opposition to the motion, the Court finds that a hearing on the Defendant's Motion for Summary Judgment is unnecessary.

***Motion for Summary Judgment***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the Defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as

required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

Although Defendant Khurana cites to case law from the United States Supreme Court governing the summary judgment analysis, he thereafter relies exclusively on principles of Georgia tort law in asserting that he is entitled to the entry of summary judgment herein. (Doc. 19-3, pp. 4-9). However, principles of state tort law will not support the granting of summary judgment in this action brought pursuant to 42 U.S.C. § 1983, in which Plaintiff raises allegations of deliberate indifference under the Eighth Amendment. To the extent that Georgia tort law requires that a malpractice claim be based on duty, breach and causation, with the presence of expert testimony, such a showing is not necessary in § 1983 claims alleging that a physician's acts or omissions amounted to deliberate indifference to a serious medical need under the Eighth Amendment. In order to state a cognizable constitutional claim, the Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The presence or absence of the elements of a state tort claim is irrelevant to such an action, as "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.*

Inasmuch as Defendant Khurana has failed to demonstrate that no genuine issue of material fact remains in this case in regard to Plaintiff's § 1983 deliberate indifference claims, it is the recommendation of the undersigned that Defendant Khurana's Motion for Summary Judgment be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District

Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

Recommendation.

       **SO ORDERED AND RECOMMENDED**, this 8th day of July, 2011.

                             s/  ***THOMAS Q. LANGSTAFF***

                             UNITED STATES MAGISTRATE JUDGE

asb