# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| MARKUIS DEMETRIUS CURTIS, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 10-CV-54 (HL)** |
| Detail Officer JOEY MATHEWS, | : |
| Nurse NORMAN, and | : |
| DR. M. KHURANA, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are a Motion for Summary Judgment filed on behalf of Defendant Mukul Khurana, M.D., a Motion for Summary Judgment filed on behalf of Defendants Mathews and Norman, and Defendant Khurana's Motion for Oral Hearing on his summary judgment motion. (Docs. 42, 46, 50). The Court notified the Plaintiff of the filing of the Defendants' motions for summary judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the Court's order. (Docs. 45, 48). Plaintiff filed a response only to Defendant Khurana's Motion for Summary Judgment. (Doc. 49).

Plaintiff filed this action in June 2010, raising allegations of deliberate indifference to his serious medical needs. (Doc. 1). Specifically, Plaintiff alleges that he was injured while riding in the back of a Colquitt County Jail detail truck on June 14, 2010 and was thereafter denied proper medical treatment for back pain. (Docs. 1, 5). In his Complaint and supplemental Complaint, Plaintiff sets out that he injured his back during transport to a work

detail in a jail truck driven by Defendant Mathews, and was seen by medical staff, including Defendant Norman, upon his return to the Colquitt County Jail. *Id.* Plaintiff relates that he saw a doctor four days later, and was given pain and muscle relaxant medications, in addition to ibuprofen provided by the nurse. Plaintiff was also placed on "lay-in" status due to his back injury. Plaintiff recounts his treatment by medical staff over the course of the next month and a half, including repeated nurse and doctor visits, x-rays and provision of pain medications. *Id.*; Doc. 21.

*Motion for Oral Hearing*

Upon thorough review of Defendant Khurana's Motion for Oral Hearing, this motion is **DENIED**. (Doc. 50). Local Rule 7.5 provides that "[a]ll motions shall be decided by the court without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel." Based on the facts that the Court generally decides motions without a hearing, that the Plaintiff is currently incarcerated and therefore not free to travel to court appearances without the involvement of Court resources, and that briefs have already been filed in support of and in opposition to the motion, the Court finds that a hearing on Defendant Khurana's Motion for Summary Judgment is unnecessary.

*Motions for Summary Judgment*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
> (A) citing to particular parts of materials in the record, including
> depositions, documents, electronically stored information,

> affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the parties moving for summary judgment, the Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed.R.Civ.P. 56(e)(3).

In their motions for summary judgment, the Defendants assert that the Plaintiff has failed to establish a claim of deliberate indifference to serious medical needs, in that he cannot establish the Defendants' knowledge of serious conditions and Defendants' intent to deprive Plaintiff of necessary treatment. It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an

objectively serious medical need.  Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted).  "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

The Defendants have established by reference to the Plaintiff's Complaints, Dr. Khurana's affidavit, and the Plaintiff's medical records that the Plaintiff received medical care for his back condition and that the Defendants did not deny Plaintiff medical care for any alleged injuries or conditions about which they had knowledge during the time period in question.  (Doc. 28-3, pp. 56-61; Docs. 42-1, 42-5, 46-2).  In his affidavit, Defendant Khurana testifies that Plaintiff was assessed by medical staff following his back injury on or about June 14, 2010, and was put on bed rest and told to take anti-inflammatory medication.  (Doc. 42-5, ¶ 5).  On June 16, 2010, a lumbar spine x-ray was performed on Plaintiff, which revealed no acute or trauma-related injury to Plaintiff's back.  *Id.* at ¶ 7.  Plaintiff had follow-up treatment in the jail Infirmary during the next two weeks, with Defendant Khurana's involvement beginning with an examination of Plaintiff on July 9, 2010.  *Id.* at ¶¶ 8, 10.  Defendant Khurana diagnosed the Plaintiff as suffering from a strained back muscle causing mild back pain.  *Id.* at ¶ 10.  Defendant Khurana performed two more examinations of Plaintiff's back, and noted in September 2010 that he detected and Plaintiff reported no signs or symptoms of back pain.  *Id.* at ¶¶ 11, 12.

Plaintiff's allegations in his Complaints, his medical records, and Defendant Khurana's

affidavit testimony establish that the Defendants provided medical care to the Plaintiff when the Plaintiff appeared to have, or presented with, a medical need.  The Defendants have thus met their burden to establish the absence of a genuine issue of material fact regarding the care and treatment provided to the Plaintiff.  The burden now shifts to the Plaintiff to rebut the Defendants=summary judgment showing.  *Celotex*, 477 U.S. at 324.

In response to one of the Defendants' motions for summary judgment, the Plaintiff has submitted an unsworn statement in which he reiterates the facts of his Complaint and asserts that Defendant Khurana is liable for his "neglinece [sic] by not giving me proper and reasonable medicial [sic] treatment."  (Doc. 49, ¶ 4).  This document does not comply with the requirements for an affidavit, and as such is not evidence in support of Plaintiff's position but is merely further argument.  *See Holloman v. Jacksonville Hous. Auth.*, 2007 WL 245555 *2 (11th Cir. Jan. 30, 2007) ("unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment.") (*citing Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)).

Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to establish that the Defendants acted with deliberate indifference to any serious medical condition suffered by the Plaintiff.  The Plaintiff's Complaints, Dr. Khurana's affidavit, and the Plaintiff's medical records detail the medical attention and treatment Plaintiff received for his back condition while confined at the Colquitt County Jail.  Plaintiff simply asserts that said treatment was inadequate.

To the extent that the Plaintiff disagrees with the course of treatment provided by the Defendants, such disagreement over the proper course of medical treatment will not support a

claim of deliberate indifference.  "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).  Furthermore, the Plaintiff has failed to establish that any delay in treatment exacerbated his conditions.  "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay."  *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir. 1994), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002).  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."*Id.* at 1188.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort.  The known risk of injury must be 'a strong likelihood, rather than a mere possibility'".  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle*, 429 U.S. 97 and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)).  The Plaintiff has failed to rebut the evidence of record establishing that the Plaintiff was provided with treatment for his medical condition.  "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments."  *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).  As in *Hamm*, the "evidence shows that [Plaintiff] received

significant medical care while at the jail.  Although [Plaintiff] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference." *Id.*

The Court notes that any claims for injunctive relief raised by the Plaintiff against the Defendants herein have been rendered moot by Plaintiff's transfer to another prison facility. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  Based on the Plaintiff's failure to establish that Defendants acted with deliberate indifference to his serious medical needs, it is the recommendation of the undersigned that the Defendants' motions for summary judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED and RECOMMENDED**, this 11th day of July, 2012.


s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb